```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

GARY SCOTT NEWELL,

        Plaintiff,        Case No. 8:12-cv-2502-T-33TBM

v.

UNITED HEALTHCARE INSURANCE
COMPANY,

        Defendant.

_____/

### **ORDER**

This matter comes before the Court pursuant to Plaintiff Gary Scott Newell's Motion to Strike Defendant's Affirmative Defenses (Doc. # 15), which was filed on January 3, 2013. Defendant United Healthcare Insurance Company filed a Response in Opposition to the Motion on January 16, 2013. (Doc. # 17). For the reasons that follow, the Court denies the Motion.

### I. **Background**

Plaintiff initiated this action for insurance coverage in state court on October 4, 2012. Although the Complaint counts sounded in breach of contract and declaratory judgment, Defendant timely removed on November 5, 2012, on the basis of federal question jurisdiction, correctly asserting that "the Complaint raises a claim that is completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ('ERISA')." (Doc. # 1 at 2). Plaintiff filed

an Amended Complaint (Doc. # 8) on November 28, 2012, seeking relief pursuant to ERISA. Defendant filed its Answer and Affirmative Defenses on December 14, 2012. (Doc. # 10).

Plaintiff seeks an order striking each of Defendant's Defenses, which follow:

> **United's First Affirmative Defense**
> The benefit determinations under ERISA-governed plans are subject to a deferential "arbitrary and capricious" judicial standard of review. Under this standard of review, the claim determination must be upheld so long as there is a reasonable basis for the claim decisions based on the relevant plan provisions and the administrative record framed as a result of the administrative review process.
>
> **United's Second Affirmative Defense**
> ERISA does not require a claims administrator to lend special deference to the opinions of a treating physician. Nor does ERISA impose a heightened burden of explanation on the administrator when it rejects a treating physician's opinion while evaluating a claim for benefits under the plan. . . . Thus, a benefits determination may not be found "arbitrary and capricious" merely because an administrator does not defer to a treating physician's opinion.
>
> **United's Third Affirmative Defense**
> Consequential damages are not available under ERISA as a result of an alleged wrongful denial of plan benefits. Thus, Plaintiff is limited to recovering only those eligible expenses, if any, for the disputed health care services that form the basis of this action. Any purported damages that Plaintiff seeks over and above the benefits available under the plan are extracontractual (within the meaning of ERISA) and therefore precluded as a matter of law.

(Doc. # 10 at 8).

**II.  Legal Standard**

Affirmative defenses are subject to the general pleading requirements of Rule 8.  Rule 8(b)(1)(A), Fed. R. Civ. P., requires that a party "state in short and plain terms its defenses to each claim asserted against it."  Affirmative defenses are also evaluated against the touchstone of Rule 12(f), Fed. R. Civ. P., which states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-30498, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997).  Further, as stated in Florida Software Systems v. Columbia/HCA Healthcare Corp., No. 8:97-cv-2866, 1999 U.S. Dist. LEXIS 15294, at *4 (M.D. Fla. Sept. 16, 1999), "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."

In addition, courts may strike a defense if it has "no possible relation to the controversy, may confuse the issues,

-3-

or may cause prejudice to one of the parties." Ayers v. Consol. Constr. Servs. of SW Fla., Inc., 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *2 (M.D. Fla. Nov. 26, 2007). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike." Fla. Software Sys., 1999 U.S. Dist. LEXIS 15294, at *4.

### III. Analysis

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters." Bluewater Trading, LLC v. Willmar USA, Inc., No. 07-cv-61284, 2008 U.S. Dist. LEXIS 108191, at *2 (S.D. Fla. Sept. 9, 2008). Rule 8(c)(1) includes a list of affirmative defenses, such as accord and satisfaction, estoppel, laches, res judicata, and waiver.

The Defenses at issue are not true affirmative defenses. They do not admit the allegations of the Amended Complaint but avoid liability based upon some negating factor. Rather, Defendant describes in its Defenses the legal framework it contends is applicable in reviewing an ERISA plan administrator's decision. This Court is not inclined to strike the Defenses sub judice.

As explained in <u>Ohio National Life Assurance Corp. v. Langkau</u>, No. 3:06-cv-290, 2006 U.S. Dist. LEXIS 60062, at *6-7 (M.D. Fla. Aug. 15, 2006):

> In attempting to controvert an allegation in the complaint, the defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not prejudice the pleader. If plaintiff has been given "plain notice" of the matters to be litigated which is all the federal pleading rules require, he should be put to this proof irrespective of any error by defendant regarding terminology. The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled.

<u>Id.</u> (citing 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1269 (2d ed. 1991), pp. 409-10).

In the Amended Complaint, Plaintiff seeks "to recover health benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan, and to clarify his rights to benefits under the terms of the plan." (Doc. # 8 at ¶ 1). Among other allegations, Plaintiff asserts that Defendant "wrongfully refused to tender benefits relative to Plaintiff's partial hospitalization treatment . . . . [Defendant's] refusal to tender said benefits was arbitrary and capricious, especially in light of the fact that [Defendant] failed to conduct any communications with

Plaintiff's medical provider, Dr. Logan, prior to issuing an 'adverse benefit determination.'" Id. at ¶ 24.

The Court determines that each of the questioned Defenses passes muster under the standards noted above. The Defenses articulate Defendant's position regarding the role of a treating physician's opinion in the claims decision process. In addition, the Defenses set out Defendant's position regarding the applicable standard of review for the adverse benefit determination described in the Amended Complaint. In its response to the Motion to Strike, Defendant asserts: "[T]he applicable standard of review is among the most important legal issues in any ERISA benefits dispute." (Doc. # 17 at 4). This Court agrees and finds that the Defenses raise relevant and substantial legal and factual theories touching on the applicable standard of review and measure of damages, if any.  In addition, the Court determines that the Defenses relate squarely to the controversy, do not confuse the issues, and do not cause prejudice to any party, especially as this case is set for a bench trial, rather than a jury trial. The Court thus denies the Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Gary Scott Newell's Motion to Strike

Defendant's Affirmative Defenses (Doc. # 15) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>23rd</u> day of January 2013.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies to:   All Counsel of Record